NEW-YORK,<br>May, 1810.<br><br>VAN VLIEDEN<br>v.<br>WELLES and<br>others.

*Judgment reversed.*

---

VAN VLIEDEN *against* WELLES and others.

THIS was a special action of *assumpsit*, brought against the defendants, as survivors of *Benjamin Myer*, jun. and *John Van Leuden*, deceased, who, together with the defendants, were, on the 2d day of *July*, 1793, the elders and deacons of the *Kaatsbaan* congregation of the *Low Dutch* reformed church, in the town of *Kingston*, in *Ulster* county. On the 2d *July*, 1793, when the congregation of *Kaatsbaan* were not incorporated, the de-

A. was *called*, in 1793, by the deacons and elders of a church not incorporated, as their minister, who entered into an agreement with him, for a stipulated yearly salary: The church in 1796, became incorporated, and A. was a party to the act of in-

corporation, and acted as president of the corporation. One half of the elders and deacons were elected annually, and A. regularly received his salary from the deacons and elders of the church for the time being, from 1793 until 1804, when he was dismissed by the consistory, and the payment of his salary refused. A. brought an action of *assumpsit* against the surviving elders and deacons of the church, who had signed the agreement in 1793, in their individual capacity, for the salary due to him since 1804. It was held that the acts of A. and of the deacons and elders amounted to a waiver of the original contract, by the mutual understanding of the parties; that after the incorporation of the church in 1796, the previous contract became extinguished, as a private and simple contract, and the corporation, acting by their seal, having assumed the contract, and become the debtor of A. with his assent and concurrence, the defendants were not responsible to him, in their individual capacity.

fendants subscribed a written paper, or *call*, inviting the plaintiff to become the settled minister of the congregation, and stating the nature of the services to be required of him, and the salary to be paid to him annually.

The plaintiff declared on this special agreement, and stated a performance of it on his part, and a tender and offer of compliance on his part, to the time of the bringing the present action ; and a total refusal by the elders and deacons, for the time being, of the church, to admit his services and to pay him his salary, since the 2d *May*, 1804.

The defendants pleaded *non assumpsit*, and *non assumpsit infra sex annos*, with notice of the special matter to be given in evidence, in bar of the plaintiff's action.

It was proved at the trial, that the plaintiff accepted the *call* on the 2d *July*, 1793, and immediately entered on the ministerial duties required of him, which he faithfully performed ; and regularly received his stipulated salary from the elders and deacons of the church, for the time being, until the 2d *May*, 1804. One half of the elders and deacons, are annually elected by those in office. The plaintiff proved the tender of his services since, agreeably to his engagement, and the refusal of the *consistory* to accept them, or to allow him to preach in the church, or to perform his duties, as minister of the congregation ; and that no salary had been paid to him since 2d *May*, 1804.

The defendants produced in evidence a certificate from the records of *Ulster* county, showing that the minister, elders, and deacons of the said church had been incorporated on the 2d *April*, 1796, by the style of the minister, elders, and deacons of the reformed protestant *Dutch* church of *Kaatsbaan*, in the town of *Kingston*, in the county of *Ulster ;* by this record, it appeared that the plaintiff assented to and was a party to the incorporation. This incorporation was made pursuant to the act of the legislature, passed in 1788,* and which

* 11 sess. c. 61.
*Greenleaf's ed. of Laws*, vol. 1. p. 133. 7th sess. c. 18. *Green. ed. vol.* 1. p. 71.

was re-enacted the 27th *March*, 1801, by an act entitled, an act to provide for the incorporation of religious societies.*

The defendants also produced in evidence the book of marriages and baptisms, and of the admission of members of the church, to show that the plaintiff had admitted the existence of the incorporation; having on the 19th *November*, 1803, made an entry in the book, in his own handwriting, declaring the seal of the corporation. In order also, to show that the plaintiff had waived the original contract of 1793, the defendants produced an account, in the hand-writing of the plaintiff, in which he had charged the corporation or church of *Kaatsbaan* for his salary; and they also produced receipts given by the plaintiff, in the years 1802 and 1803, to the same church, for his salary.

The judge was of opinion, that the act of incorporation of the *Kaatsbaan* church in 1796, rendered the *call* or contract of 1793, inoperative; and that if the plaintiff intended that it should continue binding on the church, he ought to have renewed the agreement with the corporation, and, on that ground, nonsuited the plaintiff.

A motion was made to set aside the nonsuit, and for a new trial.

*L. Elmendorf* and *Hawkins*, for the plaintiff. By the 12th sect. of the act of the 6th *April*, 1784,† every corporation, trustees, or persons entrusted with the management of the temporalities of any church, congregation, or religious society, were required to render an account, once in three years, to the chancellor, or one of the judges of the supreme court, or of the common pleas of the county, of all the estate, &c. of such church, &c. under oath; and in case of neglecting to render such account, for one year, the church or society ceased to be a corporation. Unless, therefore, the trustees of the *Kaatsbaan* church have accounted agreeably to the act, they ceased to be a corporation in 1800. And there is no evidence that any

NEW-YORK,
May, 1810.

VAN VLIEDEN
v.
WELLES and
others.

* 24 sess. c. 79.

† *Greenleaf's
ed. Laws*, vol. 1.
p. 71.

such account was ever exhibited. But admitting this church was a corporation, it does not follow, that individuals may not make themselves responsible for the salary of the minister. There are many churches incorporated which have no property or funds, and in which the ministers are wholly supported by private subscriptions. Though these religious incorporations may receive gifts and grants, they have no power to lay any tax on their members.

By the articles of the constitution of the reformed protestant *Dutch* church, the *call* or engagement of a minister is for the life of such minister.

The original contract in 1793, has been recognised by the defendants, and by the church since, and the salary paid until 1804. The only remedy which the plaintiff has to recover what is due to him, is against the defendants on this contract, and they must seek their reimbursement from the members of the church.

*Sudam,* contra. The *call* or engagement of a minister is always subject to the *classis,* one of the judicatories of the reformed protestant *Dutch* church. The *call* is from the elders and deacons of the church, and is binding on them and their successors in office. By the incorporation of 1796, all the property of the society was, *ipso facto,* transferred to and vested in the incorporated church. The plaintiff was called by the elders and deacons of the church, for the time being; he has been removed by the elders and deacons for the time being; and he has presented his account, and demanded payment of the elders and deacons, for the time being. Four of them are elected every year. The plaintiff, as minister, was president of the corporation, and a party to the act of incorporation, by which all the rights of the elders and deacons of the church, became vested in the corporation. The plaintiff, by his own act, has admitted their ability to compensate

him; and has, for nearly 15 years, applied to them for his salary, and never to the defendants, in their individual capacity.

The churchwardens and vestry of a church may make a contract which is beneficial to the parish, which will bind the parishioners and the succeeding churchwardens, without their being individually responsible.*

The acts of the plaintiff amount to a waiver of all claim against the defendants, in their private capacity, on the original contract.†

*2 P. Wms. 267.
Powell on Contracts, 114.

† Powell on Contracts, 412. 417.

*Per Curiam.* The contract upon which this suit is brought was dated the 2d *July*, 1793. It was subscribed by the defendants and others, in the character of elders and deacons of the church, though they were not, at that time, an incorporated body. They were consequently bound in their individual capacity. The case admits that the plaintiff was paid his salary, yearly, *by the elders and deacons, for the time being,* from the time of the contract, until the 2d *May*, 1804. One half of the elders and deacons were annually chosen; and it was therefore not the identical defendants who originally made the contract, but the rulers of the church who had assumed and performed the contract with the plaintiff. It does not appear that the plaintiff had ever looked to the individuals, who are now defendants, for his salary, but that he has constantly received it from the elders and deacons of the church. It further appears, that in 1796 the church became an incorporated body, under the act of 1788, and that the plaintiff, under his hand and seal, as pastor of the church, became a party to the act of incorporation; and that he had also, in 1803, under his hand, certified and declared the common seal of the corporation, and, that so late as 1808, he had charged the corporation with the salary for which he now sues.

These facts are sufficient evidence of a waiver of the original contract, by the mutual understanding of the par-

NEW-YORK,
May, 1810.

Townsend
v.
The P. D. & Co.
of the Susque-
hannah Turn-
pike.

*Powell on Con-
tracts, 418.
† 1 Burr. 9.

ties.* It was *never* acted upon, as a private contract with the individuals who subscribed it ; and after the incorpo- ration of the church, (and which the plaintiff is by his own acts estopped to deny,) the simple contract became extinguished, equally as a bond extinguishes a simple contract debt.† The *corporation* created, and acting by seal, became his debtor, and assumed and performed the contract with his continued assent and concurrence. In short, the contract from the beginning, was considered as being made with the deacons and elders of the church, and not with the individual defendants ; and after the incor- poration of the church, that new body assumed the con- tract, and were accepted. The original contract with the defendants, as individuals, was waived or extinguished. The motion to set aside the nonsuit must, therefore, be denied.

Judgment of nonsuit.